UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARLOS J. RIVERA, JR., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 2:20-CV-387-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Unopposed Petition for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 33], filed on November 10, 2023. The Plaintiff's attorney requests attorney fees in the amount of $19,780.25 pursuant to 42 U.S.C. § 406(b), with a net amount of $12,280.25 paid to counsel. The Commissioner does not object. ECF No. 33 at 6. For the reasons stated below, the Motion is GRANTED.

**BACKGROUND**

The Plaintiff's attorney represented the Plaintiff before this Court in a judicial review of the Commissioner's unfavorable decision on the Plaintiff's application for disability insurance benefits and supplemental security income. The Court reversed and remanded this case for further proceedings. ECF No. 29. Subsequently, the Court awarded $7,500.00 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 32.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits in the amount of $76,401.00, twenty-five percent of which ($19,100.25) was withheld for the payment of attorney fees. *See* Mot. Ex. A at 3, ECF No. 33-1 (disability insurance benefit award). The Social Security Administration also

issued a Notice of Award entitling the Plaintiff to past-due supplemental security income benefits. *See id.* at 7 (supplemental security income award). Plaintiff's counsel represents that the Commissioner's Office of Central Operations calculated the benefits for both the disability insurance benefits and supplemental security income benefits to be $79,121.00, which is comprised of the $76,401.00 past-due disability insurance benefit award and a past-due supplemental security income benefit award of $2,720.00 for the period of July 2018 to October 2018 (the time period prior to the disability income benefit award). ECF No. 33 at 1–2.

The Plaintiff's attorney filed the instant motion requesting that the Court award attorney fees pursuant to § 406(b) in the net amount of $12,280.25. This amount is based on the retainer agreement between the Plaintiff and his attorney, Mot. Ex. B, ECF No. 33-2, in which the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits for work at the federal court level. The total request for an award under § 406(b) is $19,780.25, which equals the twenty-five percent of the total past-due disability insurance benefits and supplemental security income of $79,121.00. Counsel for the Plaintiff requests that the award of $19,780.25 be offset by the total prior EAJA fees awards of $7,500.00, for a net payment to the attorney of $12,280.25 in § 406(b) fees.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C.

§ 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly rate of approximately $513.77 for the total requested § 406(b) fee award of $19,780.25. *See* Mot. Ex. D at 1–2, ECF No. 33-4 (reflecting 38.5 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Unopposed Petition for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 33], AWARDS an attorney fee under 42 U.S.C. § 406(b) of $19,780.25, and DIRECTS that the amount of $12,280.25, which already accounts for the offset of EAJA fees of $7,500.00, be paid directly to counsel for the Plaintiff.

SO ORDERED on November 13, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
